JONES, Respondent, v. BRISCOE, Appellant.

1. Where a father, upon the marriage of his daughter, delivers to her and his son-in-law a slave, and the slave remains in possession of the son-in-law for six years or longer, these are circumstances from which a jury may well find a gift of the slave to the daughter and son-in-law.

*Appeal from Ralls Circuit Court.*

*Richmond,* for appellant.
*Porter,* for respondent.

RYLAND, Judge, delivered the opinion of the court.

The questions in this case arise upon the instructions given to the jury, and also on those refused to be given. The facts

show that the plaintiff Jones married Artemesia, the youngest daughter of John Briscoe, sr. ; that when Jones and his wife moved home to house-keeping, Mrs. Jones took the negro woman Amanda along with them. The negro woman lived with Mr. Jones until her death, some five or six years after Jones and his wife set up house-keeping. The negro girl Tabitha, the child of Amanda, was born at Jones', and after the death of Amanda, she (the girl) being some six or eight months old was taken to Mr. Briscoe's to be taken care of. Before the marriage of Jones and Miss Briscoe, the negro woman was spoken of in the family as being the negro of Artemesia. The marriage of Jones and Artemesia Briscoe took place in 1835, and Mrs. Jones died in 1843. She left three children at her death ; two were alive when this suit was tried. After the death of Mrs. Jones, her daughter Mary Jane Jones, then about five years old, went to her grand-father's and was reared by her grand-parents. John Briscoe, sr., after this, died in the fall of 1854, having some four years before his death made a gift of the negro girl Tabitha, in writing, to his grand-daughter Mary Jane Jones. When Mrs. Jones went home to live, she took Amanda with her. One witness states that there was nothing said about the terms on which Amanda was taken. In 1850, when Jones was about going to California, he sent a message to old Mr. Briscoe, by his son Wm. T. Briscoe, to know how much the old gentleman would charge Jones for keeping his daughter Mary Jane and the negro Tabitha. The old gentleman said, "What does he want to know that for? I will charge him nothing." Old Mrs. Briscoe, a witness, said "that when her daughter Artemesia was going off, she asked the witness if she was going to let her have a negro? She told her she might take Amanda, but did not know how long she could keep her." Witness said her husband knew she had sent Amanda to Mrs. Jones, and never objected to it. There was testimony to the effect that old Mr. Briscoe had said that he never intended Heath Jones to have Amanda. The plaintiff Jones claims the negro girl Tabitha as his property ; the de-

fendant does not claim her as his own, but as the property of Mary Jane Jones, she having been delivered to him as such to take care of and hire out for the benefit of Mary Jane Jones.

These are substantially the facts, and the following instructions were asked for by the plaintiff and given by the court : "1. If the jury believe from the evidence in the cause that Amanda, the mother of the slave in controversy, belonged to Artemesia, the daughter of John Briscoe, deceased, before and at the time of her marriage with plaintiff Jones, the title of said slave was by said marriage vested in said Jones, the plaintiff; and no declaration of said John Briscoe made, nor act done by him, after the said marriage, without the consent and agreement of plaintiff, could operate to revest said plaintiff of the title to said slave. 2. If the jury believe from the evidence in the cause that said Amanda (the mother of the slave sued for) was sent home with plaintiff and his said wife Artemesia, soon after their marriage, by said John Briscoe, (or by his consent and without objection on his part,) without any understanding then or before had between the plaintiff Jones or his said wife on the one part, and said John Briscoe on the other part, that it should be considered a *loan* to said Artemesia, the law presumes that it was a gift and vested the absolute title of said slave and her said child in plaintiff, and they should find for plaintiff. 3. The declaration or admission of John Briscoe and those of his wife in his presence, made before his said daughter Artemesia's marriage with plaintiff, that the mother of the slave in question was his daughter's slave, is evidence from which, if uncontradicted, the jury may infer that he had given her to his said daughter, and it is not indispensable that there should be positive evidence, either verbal or written, showing said gift. 4. If Jones, the plaintiff, held the negro woman Amanda for five years peaceably, continuously, claiming her or holding her as a gift from John Briscoe, and as his (said plaintiff's) own, such possession of five years gave said Jones a valid title to said negro Amanda. 5. If the girl Tabitha was put into Mr. Briscoe's possession by Mr. Jones, plaintiff, or

his order, to keep on account of its tender years for said Jones or his wife, a title can not accrue by length of possession acquired in that way."

The following instructions were also given by the court of its own motion: " 6. If, after the negro girl in controversy was placed in the possession of John Briscoe, sr., the said John Briscoe held possession of the negro for five years, claiming to be the owner of the same, this would give him a title, unless the jury believe that Jones, the plaintiff, placed the child in Briscoe's possession to have it taken care of as his, and was ignorant of the claim of Briscoe; in that case; the possession of five years would be of no avail.    7. The only question for the consideration of the jury is, was the slave Amanda a gift from John Briscoe, sr., to his daughter, Mrs. Jones, or to her husband, the plaintiff. If the jury find from the evidence that John Briscoe gave the slave Amanda to his daughter at any time either before or after her marriage, and that her husband (the plaintiff) had possession of the slave at any time during his marriage, then they should find for the plaintiff. But unless they are satisfied from the evidence that the slave was given either to Mrs. Jones in her lifetime or the plaintiff, they should find for the defendant." And the following instructions prayed for by the defendant and refused: " 1. If the jury believe from the evidence that John Briscoe, sr., (now dead,) shortly after the marriage of the plaintiff with his daughter Artemesia, gave to his said daughter the negro woman Amanda, with the understanding at the time between him and his daughter that said Amanda should belong to her (Artemesia) during her life and after her death to her children, then the plaintiff can not recover in this suit, and the jury should find for defendant.    2. Unless the jury believe from the evidence that John Briscoe (the elder) did give the negress Amanda to his daughter Artemesia before or during her marriage, then they should find for the defendant.    3. If the jury believe from the evidence that John Briscoe, sr., had the negro Tabitha in possession since the death of Mrs. Jones in the year 1843, till about two or three years

since, and then delivered the said Tabitha to the defendant Anderson Briscoe, who has had her in possession ever since, then they should find for the defendant, unless they believe also from the evidence that said John Briscoe, whilst he had possession of Tabitha, held and possessed her not as his own property, but for the plaintiff Jones."

Upon the rulings of the court, in regard to the instructions, the questions on this record alone arise. The instructions given for the plaintiff are not liable to objection, except the second, which will be noticed hereafter. The court below refused the first instruction asked by defendant, because there was no evidence to warrant it. This is a sufficient reason. The second instruction was substantially given to the jury; and we will not reverse a judgment because the court did not give the instruction again. Once laying down the rule of law is enough in the case; and when the principle or point in an instruction has already been declared to the jury, we will not reverse because it is not repeated. The third instruction asked for by defendant was properly refused, and the first one given by the court, of its own motion, was proper, and by it the law was declared to the jury arising on the facts in proof in that particular. The main question in the case was placed fairly and properly before the jury in the last instruction given to them by the court of its own motion. This brought before the jury the consideration of the fact whether the negro woman Amanda was given by old Mr. Briscoe to his daughter, Mrs. Jones, either before or after her marriage with Jones: if she had been, then they should find for the plaintiff. When we examine this instruction carefully there can be no objection to the principle of law declared therein. The part about the possession of the husband during his marriage might have been omitted without any injury or infringement of the principle; but the part did not have a tendency to affect the defendant's interests. We consider the court very fairly put the case by its instructions to the jury. Now as to the second instruction asked for by plaintiff, we will examine it. "If the jury believe from the evidence in the cause that

said Amanda (the mother of the slave sued for) was sent home with plaintiff and his wife Artemesia, soon after their marriage, by said John Briscoe (or by his consent and without objection on his part), without any understanding then or before then had between the plaintiff Jones or his said wife, on the one part, and said John Briscoe on the other part, that it should be considered a *loan* to said Artemesia, the law presumes that it was a gift, and vested the absolute title of said slave and her said child in plaintiff, and they should find for plaintiff." Now from the instruction given by the court on its own motion last to the jury, we see that, whether from all the evidence in the case there was a gift of the slave or not, was the main question for the decision of the jury. They were to decide that matter. If the slave was a gift to Mrs. Jones either before or since her marriage, then they must find for plaintiff. What then could the court have meant by the second instruction? We suppose it meant to tell the jury that if there was no agreement or understanding about the negro woman as a loan, nor any other mode pointed out by them at the time in which the plaintiff's possession of the slave was to be considered, that then it was presumed to be a gift, under the circumstances of the case, having remained so long with plaintiff in undisturbed possession; that the plaintiff held her by some contract or as a gift; and if there was no understanding or agreement about it, it would be considered a gift. Under this view, the instructions may possibly be reconciled; and as there is scarcely room for doubting, from all the evidence, that the old gentleman Briscoe had given his daughter the negro woman Amanda, we will see if these instructions can be reconciled, and not send the case back upon so slight an error, if it consistently with legal principles can be prevented. In Mulliken v. Green, 5 Mo. 498, this court held that the circumstance of slaves being sent home with the daughter of the defendant and wife of the plaintiff, when she left her father's house soon after the marriage to go to the house of her husband, most certainly does not amount to a gift or transfer of the title to the slaves, although they remained

there about one year, till the death of the plaintiff's wife. But the sending of the slaves at the time, and the suffering them to remain, was strong evidence from which a jury might well presume a gift. In Hill & Dill v. Duke, 6 Ala. 261, Gold-thwait, J., said, "It is indeed very difficult to draw a distinction between a loan for an indefinite period of time by a father to a child, when no definite object is to be accomplished by the loan, and an absolute gift; but when such a loan is extended over a period of ten years, and no period is fixed for its determination, it is not too much to say, in a contest between a creditor and the donor, that a strong presumption to infer a subsequent absolute gift is well warranted, even if the bailment was originally designated as a loan between the parties themselves."

There is a difference where the creditor comes in, and greatly in his favor. (See Martin v. Martin, 13 Mo. 66.) In the case of Davis & Fant's Exec'rs of Webb v. Duncan, 1 McCord, 215, Justice Nott said : "The decisions which have so long prevailed in this state, that permitting property to go into the possession of a son or daughter upon their marriage, and continue with them, should be construed into a gift, is not to be controverted ; and even when it is originally expressed to be a loan, it may by lapse of time be considered as having ripened into an absolute gift." Justice Johnson said, in Teague v. Griffin, 2 Nott & McCord, 95, "But in this state permitting personal property to go into the possession of a daughter on her marriage, and to remain there a considerable length of time, has long been regarded as sufficient evidence of a gift, (1 Bay, 232,) and I think with great propriety." So likewise held in the case of Moore's Adm'r v. Danney and another, adm'rs of Bell, 3 Hen. & Munf. 127. There is no doubt that such acts of the parent in sending home with his child shortly after marriage personal property—a slave for instance—is a strong circumstance in favor of presuming such act a gift of the property. It is evidence from which a jury may presume a gift, and no doubt will so presume it if not inconsistent with other facts and circumstances. But we do not say it is in law a gift. It

is a fact, and may afford convincing proof to the minds of the jury that it was a gift, and they will so consider it. The court here in this instruction supposed that the plaintiff could only have the woman Amanda as a loan, or as a gift, and told the jury if there was no understanding between the parties about the woman as a loan, then the law presumed it a gift. It would have been much better to have told them that the fact of the woman Amanda being taken or sent home to Jones and wife shortly after the marriage, or their commencing to keep house, and her remaining with Jones until her death, some six years or longer, was a circumstance from which a jury might well find the gift of the woman from the father to the daughter and son-in-law.

In looking over the whole case, considering the instructions as a whole, we can not say that the jury have been misled, or that the second instruction is calculated to do harm, when taken with the last one given to the jury. If the woman Amanda was the property of Mrs. Jones, then the girl Tabitha belonged to the plaintiff; and whether she was taken to old Mr. Briscoe to be reared after her mother's death, for Mr. Jones, or was taken there because Jones supposed Mr. Briscoe was the owner of her and ought to rear her, was a matter under the instructions properly left to the jury.

Let the judgment be affirmed; Judge Scott concurring.